■ The People of the State of New York, Respondent, v. Christopher Ahmed, Appellant. — Judgment convicting defendant, after trial, of the crimes of robbery in the first degree and attempted robbery in the first degree, unanimously modified on the law and the facts, by reducing the judgment of conviction to robbery in the second degree and attempted robbery in the second degree and remanding the case to the trial court for resentence, otherwise affirmed. At one point the trial court charged the jury as follows: "It is not part of the People's case to prove that the gun was loaded. I referred to some parts where the gun was loaded, it is only sufficient that the People have to establish in their case if they show there was a weapon capable of producing grievous bodily harm relating to the assault count." This charge was improper in that it permitted the jury to find the defendant guilty of robbery in the first degree and attempted robbery in the first degree, without finding that he was armed with a dangerous weapon (Penal Law, § 2124, subd. 1; § 2126, subd. 2). The court, by such charge, indicated erroneously in the circumstances of this case, that first degree robbery could be committed with an unloaded gun. The only proof was that the gun was pointed at the complainant and not used in any other manner. The record does, however, warrant a judgment of conviction of a lesser degree of such crime, to wit: robbery in the second degree and attempted robbery, second degree (Code Crim. Pro., §§ 542, 543). The court is cognizant of the fact that the sentence imposed is, even after the reduction directed herein, still within the limits prescribed by law. However, it is for

the trial court, as a matter of discretion, and only if and after he finds it warranted, to modify such sentence. Concur — Botein, P. J., Steuer, Capozzoli, Tilzer and McNally, JJ.